**Nelson TORRES, Jessica Torres and the Conjugal Partnership Composed by Them, Plaintiffs**

**v.**

**K–MART CORPORATION, John Doe Insurance Company, Defendants**

**No. CIV 99–1072 SEC JA.**

United States District Court, D. Puerto Rico.

May 17, 2001.

Pedro J. Perez–Nieves, Ramirez Lavandero, Landron & Vera LLP, Old San Juan, PR, Marcos A. Ramirez–Lavandero, Old San Juan, PR, Eduardo A. Vera–Ramirez, Old San Juan, PR, for defendants.

Jose L. Ubarri–Garcia, Brown & Ubarri, San Juan, PR, for plaintiffs.

*MEMORANDUM ORDER*

ARENAS, United States Magistrate Judge.

Defendant K–Mart Corporation has filed a motion *in limine* to exclude plaintiff's expert [1] testimony relating to evidence of security standards. After considering 31 factors or items, and relying on his education, training and experience, he reached 10 conclusions "within a reasonable degree of certainty in his area of expertise as a safety engineer," related to why Mr. Torres fell. Those conclusions are as follows:

1. At the time of Mr. Torres' accident the Kmart store in question was not in a safely shoppable condition due in large measure to inadequate staffing as indicated by the fact that the plaintiff was in the store over a half an hour and could not find a Kmart employee. In addition to customer service, store employees are crucial to the detection of hazard in the store. Discovery in this case indicates that only two people were assigned to customer service for the entire 78,000 square foot store at the time of Mr. Torres' accident and no one was assigned to the seasonal area where the accident occurred. In my opinion, failure to detect this hazard is causally connected to the lack of staffing in the store at the time of the accident.

2. Félix Arévalo, the Kmart loss control employee admitted in his deposition that the water Mr. Torres fell in came from a roof leak. Kmart knew or should have known that whenever it rained it would leak from the roof. That being the situation, Kmart was negligent for not repairing the roof leak or having it repaired.

3. Kmart failed to properly maintain its premises in a safe condition prior to the time Mr. Torres entered the store, creating an unreasonably dangerous floor condition, which existed at the time Mr. Torres entered the store and fell.

4. Kmart failed to adequately warn Mr. Torres of the unreasonably dangerous floor condition existing at the time Mr. Torres fell.

5. Mr. Torres fell as a result of the unreasonably dangerous wet floor conditions at the time he fell.

6. Kmart failed to have in place adequate safety procedures to prevent the type of accident, which befell Mr. Torres.

7. Kmart did not act in accordance with the safety requirements set forth by Kmart Corporation for wet floors in safety video known as "K-lumbo."

8. Kmart did not act in accordance with the safety requirements set forth by Kmart Corporation for wet floors in safety video known as "Safety Is No Accident."

9. The deposition testimony of the Kmart employees regarding safety procedures to be used for wet floors indicates the employees were not trained in relevant safety procedures.

10. The Kmart employees at this store were not familiar with the standards in the industry for the maintenance of tile floors when water is present.

*See* Docket 81, Exhibit II at 4–5.

█ Rule 702 now reads as follows:

**Rule 702.** Testimony by Experts.

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to

---

**1.** J. Terrence Grisim, CSP, CDS, CPSM, ARM holds a BGS in Aviation Engineering Technology, Psychology and Sociology from Roosevelt University in Chicago, Illinois, is a member of 12 professional organizations, and has been recognized in five Who's Whos. He has been president of Safety Management Consultants, Inc., since 1982.

determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed.R.Evid. 702.

K–Mart argues in its motion that the above evidence is not relevant but that assuming it is, it should yet be excluded since its probative value is outweighed by the danger of unfair prejudice, misleading the jury, confusion of the issues, undue delay, waste of time or needless presentation of cumulative evidence. Citing the key cases of *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), K–Mart argues further that the only standards used by the expert are those of OSHA, which are geared toward employees' safe working conditions and environment. It notes that whether the evidence is relevant requires a determination as to whether the evidence will assist the jury in determining the existence of any fact of consequence. K–Mart attacks each of the conclusions and the basis for reaching the same.

Plaintiff argues in its riposte that clearly the testimony of a Certified Safety Professional is relevant and that the rule sets the bar "very low."[2] Plaintiff stresses that vigorous cross-examination is the traditional and appropriate means of attacking admissible evidence. Plaintiff also argues that the objections of K–Mart addresses the weight of the evidence—a province of the jury.

■ It is clear that the rejection of expert testimony is the exception rather than the rule, and it is also true that, as plaintiff has noted, and as stated at *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. at 596, 113 S.Ct. 2786, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See* Fed.R.Evid. 702 advisory committee's note. Nevertheless, it is also true that the court now plays a role as gatekeeper to exclude unreliable testimony and since *Kumho Tire*, it is clear that such a function also applies to all expert testimony, not just testimony based in science. *Id.*

As I look at each of the findings made and conclusions reached by the expert, I find it difficult to conclude that his testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. It is clear from my previous opinion and order denying the defendant's motion for summary judgment that there are minimal facts in issue in this case. It is also clear to me, as gatekeeper, that this expert's testimony is not helpful to a jury in understanding the evidence.[3] Whether the store was in a "shoppable condition due in large measure to inadequate staffing," whether K–Mart was negligent in not repairing its roof, in failing to adequately warn Mr. Torres of the dangerous floor, whether the floor was

---

**2.** *United States v. McVeigh*, 153 F.3d 1166 (10th Cir.1998).

**3.** *See United States v. Corey*, 207 F.3d 84, 97 n. 12 (1st Cir.2000) (Torruella, J., dissenting).
    *See also Ruiz–Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 81 (1st Cir.1998) ("To be admissible, expert testimony must be relevant not only in the sense that all evidence must be relevant, *see* Fed.R.Evid. 402, but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in

"unreasonably wet," whether K–Mart did not follow its own safety requirements, are all factors which a jury may weigh without the need of an expert to assist them. They will receive what I expect will be adequate instructions under the Puerto Rico Civil Code and insular jurisprudence as how to apply the rules of law to the facts as they find them. There is no fact in issue begging for an expert's explanation. K–Mart may have been a ghost town vis-a-vis the presence of employees on the day of the accident.[4] Whatever employees were present somewhere in the store[5] may have been poorly trained. The roof leaked; the floor was wet; Mr. Torres did not see the water on the floor; Mr. Torres slipped on the water; he suffered injury.

The motion *in limine* is granted. Plaintiff is barred from presenting the testimony and/or report of this expert.

Trial is set for July 23, 2001 at 9:30 a.m.

SO ORDERED.

issue."); *Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 124 F.3d 252, 259 (1st Cir. 1997) (holding trial court "must perform its gatekeeping function, by assessing whether the testimony 'will assist the trier of fact to understand the evidence or to determine a fact in issue' " (quoting Fed.R.Evid. 702)); *United States v. Montas*, 41 F.3d 775, 784 (1st Cir.1994) ("Expert testimony on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value."); *United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir.1993) ("Our [Rule 702] inquiry has generally focused upon whether the expert testimony improperly addresses matters within the understanding of the average juror.... [T]his circuit continues to guard—perhaps too jealously—from expert elucidation, areas believed to be within the jurors' common understanding."); *United States v. Sepulveda*, 15 F.3d 1161, 1183 (1st Cir.1993)

("[T]he trial judge performs a gatekeeping function, determining whether it is reasonably likely that the expert possesses specialized knowledge which will assist the trier better to understand a fact in issue."); *United States v. Cruz*, 981 F.2d 659, 664 (2d Cir.1992) (holding expert testimony is not admissible unless subject matter has "esoteric aspects reasonably perceived as beyond the ken of the jury"); *United States v. Lamattina*, 889 F.2d 1191, 1194 (1st Cir. 1989) (expert testimony is inadmissable where jury is able to determine issues "to the best possible degree")[.]

4. Apparently two people were assigned to customer service in the 78,000 square-foot store.

5. Mr. Torres looked for an employee for 30 minutes and could not find one in the entire store.