**Wendy PETERSON, Plaintiff**

**v.**

**SCOTIA PRINCE CRUISES LTD., Defendant**

**No. 03–174–P–H.**

United States District Court, D. Maine.

June 9, 2004.

Timothy C. Coughlin, Coughlin, Rainboth, Murphy and Lown, Portsmouth, NH, for Wendy Peterson, Plaintiff.

Leonard W. Langer, Tompkins, Clough, Hirshon & Langer, Marshall J. Tinkle, Tompkins, Clough, Hirshon & Langer, Portland, ME, for Scotia Prince Cruises Ltd., Defendant.

### *MEMORANDUM DECISION ON MOTIONS IN LIMINE*

DAVID M. COHEN, United States Magistrate Judge.

Both parties have filed motions *in limine* to exclude all or part of the testimony of an expert witness named by the opposing party. I deny both motions.

### I. Applicable Legal Standard

Both parties seek to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Defendant's Motion *In Limine* to Exclude Expert Testimony, etc. ("Defendant's Motion") (Docket No. 32) at 3; Plaintiff's Motion in Limine to Exclude Portions of Opinion Testimony of Edward David ("Plaintiff's Motion") (Docket No. 33) at 3.

*Daubert* is often characterized as establishing the trial court as the "gatekeeper" for expert testimony. *See* 509 U.S. at 589 n. 7, 113 S.Ct. 2786. While it is now clear that the trial court's general "gatekeeping" function with respect to expert testimony that was set forth in *Daubert* applies to all expert testimony, not just that based on scientific knowledge, *Kumho*, 526 U.S. at 141, 119 S.Ct. 1167, it is also clear that the specific analytic factors listed in *Daubert* "neither necessarily nor exclusively appl[y] to all experts or in every case," *id.* Relevant reliability concerns may focus on personal knowledge or experience, not just scientific principles. *Id.* at 148–49, 119 S.Ct. 1167. "[T]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Id.* at 150, 119 S.Ct. 1167 (quoting with approval from the brief for the United States as *Amicus Curiae* ). "[W]hether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id.* at 153, 119 S.Ct. 1167.

### II. The Defendant's Motion

The defendant seeks exclusion of all testimony from the plaintiff's designated expert witness, Charles Harris. Defendant's Motion at 1. It contends that Harris's expressed opinions "are neither reliable nor helpful to the trier of fact" because they are "untethered to any facts or data." *Id.* at 3. Because he did not conduct any experiments or studies and his theories cannot be tested or subjected to peer review, it contends that Harris's opinions "lack the [required] indicia of reliability." *Id.* According to the defendant, Harris intends to testify that the defendant should have had a roaming security guard on duty at the time of the alleged attack, although he was unaware that the defendant did have a roving watchman making rounds at the time, never visited the vessel and has nev-

er "been involved with any similar" passenger ferries; that there was a lack of proper supervision of employees and enforcement of ship rules because the attack happened; and that there was an inadequate background check on crew members and a failure to warn passengers, although he does not know what background check the defendant actually conducted, concedes that no specific warning would have prevented the attack, and does not know whether the defendant belongs to either of the two organizations upon whose standards he relies in this regard. *Id.* at 2–3.

The defendant's emphasis on scientific principles and replicable experiments or studies is misplaced in this case, which involves an alleged assault and robbery at night on the deck of a passenger and vehicle ferry traveling between Portland, Maine and Nova Scotia. *See, e.g., United States v. Hankey,* 203 F.3d 1160, 1169 (9th Cir.2000) (peer review, publication, potential error rate not factors applicable when reliability of proposed expert testimony depends heavily on knowledge and experience of expert, rather than methodology or theory behind it). While it may be true that jurors can determine without Harris's aid whether the defendant was in compliance with its own safety manuals and employee rules at the time of the alleged incident, *see generally Torres v. K–Mart Corp.,* 145 F.Supp.2d 161, 162–64 (D.P.R. 2001), a juror is not likely to be familiar with industry standards that may be applicable to the defendant, *see Kerlec v. E–Z Serve Convenience Stores, Inc.,* 1998 WL 637244, at *1–2 (E.D.La. Sept. 16, 1998). Harris does have experience with cruise ships, Objection to Motion to Exclude Testimony of Charles Harris ("Plaintiff's Opposition") (Docket No. 39) at 6, which bear more resemblance to the ship at issue in this case than the defendant suggests, Defendant's Motion at 2.

■ Harris's proposed testimony as described by the defendant does appear to come close to testimony that is prohibited because it is connected to the facts "only by the *ipse dixit* of the expert," *General Elec. Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997), but the plaintiff has provided sufficient background, although barely, to allow a jury to weigh it, *see generally Ruiz–Troche v. Pepsi Cola of Puerto Rico Bottling Co.,* 161 F.3d 77, 85 (1st Cir.1998). For example, the plaintiff notes that Harris "does refer to IMO [International Maritime Organization] and international cruise line standards;" that Harris's opinion is that the defendant did not follow a security program and enforce its own rules, which would have made it likely that the assault would not have occurred; that Harris was employed as director of security for certain Carnival Cruise Line ships and has extensive experience "in this area," relating to cruise ship industry standards; and that Harris's opinion is that cruise ships and other common carriers have a duty to perform background checks on their employees "in light of the common place occurrence of assault by crewmembers on passengers." Opposition ¶¶ 3, 6, 26, 33. The plaintiff states that Harris reviewed the defendant's written manuals before reaching his opinions and discusses the available information concerning the defendant's performance of background checks on its employees. *Id.* ¶¶ 7–8, 16–23. The fact that the defendant may not have belonged to the organizations whose standards Harris cites does not necessarily mean that their standards are not or cannot be applicable to the defendant's operations. The remainder of the defendant's specific objections go to the weight of Harris's proposed testimony rather than its admissibility.

On balance, the plaintiff's presentation is minimally sufficient to allow Harris's testimony to be presented to a jury. This conclusion does not mean that specific testimony by Harris, when it is offered, may not be subject to objections that may be granted.

### III. The Plaintiff's Motion

The plaintiff seeks to exclude the following expected testimony of Edward David, M.D., J.D., an expert witness identified by the defendant:

1. It is more likely than not that the plaintiff was not assaulted by a crew member of the Scotia Prince or anyone else.

2. The plaintiff has not provided any medical evidence of assault or rape.

3. The plaintiff has "created in her own mind a fact pattern to explain her physical injuries due to her intoxication and the effects of alcohol on memory function."

4. It is more likely than not that the plaintiff has used life experiences to fill in the time she cannot account for during the relevant period.

5. The timeframes provided by the plaintiff for the assault are inconsistent with the physical requirements for a rape.

6. What the plaintiff's blood alcohol level would have been at the time of the alleged assault and how the plaintiff would have acted and how her mind would have been affected by such an alcohol level.

Plaintiff's Motion ¶¶ 3–7.[1] She contends that these opinions "do not satisfy the reliability and relevancy thresholds of Federal Rule of Evidence 702," will mislead the jury and will cause unfair prejudice.

*Id.* ¶ 1. She also asserts that David had not specified the methodology used to reach his opinions. *Id.* ¶ 8. She attacks the first and second listed opinions as conclusory, speculative and vague. *Id.* ¶¶ 17, 21, 24. She attacks the third and fourth listed opinions as conjecture and inadmissible testimony concerning her credibility. *Id.* ¶ 26. She contends that the fifth listed opinion lacks a reliable basis. *Id.* ¶ 28. Finally, she asserts that David is not qualified to offer the sixth listed opinion. *Id.* ¶ 29.

In response, the defendant has submitted an affidavit from David which addresses many of the plaintiff's assertions. Affidavit of Edward David, M.D., J.D. (Docket No. 38). David is the deputy chief medical examiner for the State of Maine, board certified in the fields of clinical neurophysiology and legal medicine, chairman of the Board of Licensure in Medicine for the State of Maine and past president of the Maine Medical Association and the American College of Legal Medicine. *Id.* ¶ 2. He has served for 24 years as a medical examiner for the state and during that time has been involved in the investigation of many cases of rape or alleged rape and many cases involving alcohol intoxication. *Id.* ¶ 5. He has studied the effects of alcohol intoxication on memory. *Id.* ¶ 6. He is familiar with the mechanics of rape and trained to analyze physical evidence consistent with rape. *Id.* ¶ 8. It is a routine part of his job to analyze alcohol absorption rates and the effects of intoxication based on blood alcohol testing. *Id.* ¶ 13. His opinions in this case are based on his review of the plaintiff's medical records, including the toxicologist's report on her blood alcohol level. *Id.* ¶ 7. The defendant contends that David's opinions "are ade-

---

1. The plaintiff has requested a hearing on her motion. Plaintiff's Motion at 9. Because I conclude that the issues are adequately pre-sented by the written materials submitted by the parties, the request is denied.

quately grounded on his review of the relevant medical evidence, Plaintiff's own admissions, and his extensive experience as a forensic medical investigator." Objection to Plaintiff's Motion *in Limine* to Exclude Portions of Opinion Testimony of Edward David, M.D., etc. (Docket No. 37) at 6.

■ The plaintiff has made no attempt to demonstrate how the opinions at issue will mislead the jury or cause her undue prejudice, and I will not consider those contentions further. David's affidavit provides sufficient information to establish his qualifications to offer the opinions at issue, his methodology in reaching those opinions and the reliability of those opinions. Given this background, the opinions are not speculative or conjectural.[2] Nor do they present impermissible direct attacks on the plaintiff's credibility.[3] A defendant is not prevented from providing evidence that suggests that a plaintiff's version of events is unlikely; that is precisely what a defendant is entitled to do. The fact that such a showing reflects adversely on a plaintiff's credibility is an inevitable consequence; to adopt the plaintiff's position would be to make much, if not most, of the usual means of defense unavailable to a defendant. To the extent that she finds any of the opinions at issue "vague," the plaintiff may address that concern through cross-examination. As was the case with the defendant's motion, many of the plaintiff's stated concerns go to the weight rath-

er than the admissibility of the testimony at issue.

As was the case with the defendant's motion, my denial of this motion does not preclude the plaintiff from objecting at trial to specific testimony from David. The trial court will rule at that time on any such objections.

## IV. Conclusion

For the foregoing reasons, the defendant's motion *in limine* to exclude the testimony of Charles Harris and the plaintiff's motion *in limine* to exclude portions of the testimony of Edward David are **DENIED**.

---

2. In her reply memorandum, the plaintiff asserts, without citation to authority, that "[a]s a matter of common sense, it would seem that a rape certainly would have occurred within the five (5) minute time frame alleged by the Plaintiff" and that "[p]resumably, penetration could occur for as short a period of time as seconds, and without any physical injury or 'evidence.'" Reply to Defendant's Response to Motion In Limine (Docket No. 43) ¶ 11. Since these assertions are not necessarily

matters within lay knowledge, their mere assertion cannot serve to render David's proposed expert testimony on these points inadmissible.

3. *Cf. United States v. Shay*, 57 F.3d 126, 134 (1st Cir.1995) (court may not exclude expert testimony simply because it concerns a credibility question).